```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

VINCENT PETERS, et al.,         )
                                )
          Plaintiffs,           )
                                )
     v.                         )    No. 09 C 4204
                                )
CITY OF CHICAGO, et al.,        )
                                )
          Defendants.           )

## MEMORANDUM OPINION AND ORDER

After the close of discovery in this 42 U.S.C. §1983 case was followed by the parties' submission and this Court's approval of a joint Final Pretrial Order ("FPTO"), each side submitted a packet of motions in limine. That was in turn followed by responses to the motions, which are thus ripe for decision.

As for the defense motions, no discussion is required. Plaintiffs' January 7, 2011 consolidated response (Dkt. 73) to defendants' Motion Nos. 1 through 6 (Dkt. 63 through 68) has identified no objections,[1] and all of those motions are accordingly granted.

But the situation is very different as to the five motions in limine advanced by counsel for plaintiffs Vincent Peters ("Peters") and Michael Whisenant ("Whisenant")(Dkt. 54, 55, 56, 60 and 61). Defendants--the City of Chicago and two of its

---

[1] Dkt. 73's one-page response referred only to defendants' Motion Nos. 1 to 5 and was silent as to their Motion No. 6, but a telephonic inquiry by this Court's minute clerk confirmed that such omission was only an oversight--that motion is not objected to either.

police officers-- oppose those motions vigorously, and each needs to be discussed.

Before this opinion turns to the individual motions, however, a common element--a thread that runs through several of them--should be identified: the asserted applicability of Fed. R. Evid. ("Evid. R.") 403, which calls for the exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice. That problem is well illustrated by Motion No. 1 (Dkt. 54), which seeks "to bar all references to plaintiffs' neighborhood as a 'high crime area,' 'high drug area,' or any other similar irrelevant and/or prejudicial characterizations." Defendants' response seeks to extend those pejorative characterizations so that a police officer's conduct in reacting to situations that the officer may encounter--even conduct that would reasonably and objectively be viewed as overreaction--is somehow sanitized by applying those generic and amorphous labels.

This is not of course intended to minimize the risks faced by Chicago's police officers in performing their duties. But Evid. R. 403 sensibly calls for the earlier-described balancing of potential unfair prejudice against probative value, and here that balance substantially favors plaintiffs as to their Motion No. 1. Hence defendants will be permitted to describe the circumstances posed by the situation at issue in objective

factual terms, without loading the dice by use of the labels objected to by plaintiffs, and Motion No. 1 is therefore granted.

As for Motion No. 2 (Dkt. 55), which seeks to bar all references to any arrest history of either plaintiff, Evid. R. 609 and the universal caselaw treatment of the subject call for such exclusion. Defendants say they have no quarrel with that proposition, stating at page 1 of their response:

> Defendants do not intend to offer any evidence as to the Plaintiffs' arrest history under Rule 609 and have no objection to that portion of Plaintiffs' motion.

But having so said, defense counsel then seek to enter through the back door (1) by pointing to Peters' deposition testimony that identified an arrest for disorderly conduct back in 2005 and (2) by contending that such arrest would be admissible to counter Peters' claim of emotional distress stemming from the incident sued on here.

There may indeed be circumstances in which, for example, a pattern of prior arrests might be said to have blunted someone's sensibilities so that one more might be thought of as unlikely to inflict any meaningful added trauma. But defense counsel's suggestion that such a hypothetical possibility calls for the admissibility of Peters' single arrest in this action is totally unpersuasive. It is not even a nice try, and Motion No. 2 is granted as well.

Next, Motion No. 3 (Dkt. 56) seeks to bar all references to

3

the current place or places of residence of the two plaintiffs. Defendants' response on that subject offers no objection, stating:

> Defendants do not intend to offer any evidence as to the Plaintiffs' current place of residence.

Defense counsel do point out that the presence of Texas license plates on Whisenant's vehicle was part of the factual matrix that drew the attention of one of the defendant officers. That last fact would appear to be admissible, but it does not affect the resolution of Motion No. 3, which is granted.

Motion No. 4 (Dkt. 60), which asks that this Court bar any reference by the officers or by defense counsel to so-called "furtive movements" by Peters and Whisenant, is really a poster child for the operation of Evid. R. 403. Needless to say, the defendant officers are free to describe in objective terms what they observed Peters and Whisenant to be doing during the incident at issue in this litigation, and defense counsel may refer to that testimony in equally objective terms in closing argument.

Defense counsel's response unpersuasively tries to equate such an objective statement as to what the officers saw with their employment of the adjective "furtive," proffering this so-called explanation:

> The term "furtive" is a part of the Chicago Police Department's vernacular used to describe movements that appear to be hiding something from sight.

4

That may be so, but it simply cannot justify injecting that vernacular into the environment of a trial. That pejorative adjective is plainly unfairly prejudicial, and its use will not be countenanced--so Motion No. 4 is also granted.

Finally, Motion No. 5 (Dkt. 61) seeks "to bar all references to instances of violence against police officers." In response defense counsel state:

> Defendants do not intend to offer any evidence regarding acts committed upon Chicago Police Officers other than the Defendant Officers, and thus, have no objection to that portion of Plaintiffs' motion.

That hedge--"other than the Defendant Officers"--is puzzling, because defendants' response then simply goes on to renew their general objection to Motion No. 1, which really treats with a different subject.

In the absence of any better explanation, Motion No. 5 is granted as well. If defendants have some evidence of violence sustained by either or both of the two defendant officers that may bear on the issues in this case, they must promptly identify such matters so that this Court may address those particulars in the context of this case.

## Conclusion

That then deals with all of the motions in limine submitted by both sides, and all of them (Dkt. 63 through 68, 54 through

56, 60 and 61) are granted.[2]  With that done, this case is set for trial to begin at 9:30 a.m. August 1, 2011 (the first date that fits the parties' respective calendars, as communicated to this Court, and also meshes with this Court's availability). Counsel are also reminded of the pretrial requirements set out in the minute order that was entered after the conference during which the FPTO was approved.

_____
Milton I. Shadur
Senior United States District Judge

Date:   February 16, 2011

---

[2]  According to the current Motions Report dealing with cases on this Court's calendar, Dkt. 72--a noncontroversial motion for leave to file a document--is shown as undisposed-of. It too is granted.